## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MACKENNETH ORTIZ, | ) | |
| | ) | |
| | ) | 2:22-cv-928-NR-PLD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEE ESTOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On December 13, 2022, this Court entered an order dismissing all of Plaintiff MacKenneth Ortiz's claims without prejudice. In that order, the Court also granted Mr. Ortiz leave to file an amended complaint by January 13, 2023, and instructed him that "[f]ailure to do so will result in all his claims being dismissed with prejudice." ECF 52. This order was mailed to Mr. Ortiz's address of record. As of today, Mr. Ortiz has not filed an amended complaint.

Rule 41(b) of the Federal Rules of Civil Procedure states that "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citation omitted). The Third Circuit has set forth six factors to be weighed in considering whether dismissal is proper under Rule 41(b): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

After carefully weighing all the relevant factors, the Court finds that dismissal of Mr. Ortiz's claims with prejudice is appropriate.  The Court has considered each and every factor; even assuming that certain factors could be neutral or favor Mr. Ortiz, the following factors weigh in favor of dismissal with prejudice:

- Mr. Ortiz "is proceeding *pro se*, so the responsibility for failing to comply with [the Court's order] is his alone." *Dulacy v. Allegheny Cnty. Jail*, No. 21-174, 2022 WL 14141031, at *2 (W.D. Pa. Sept. 7, 2022) (Lenihan, M.J.), *report and recommendation adopted,* No. 21-174, 2022 WL 14015999 (W.D. Pa. Oct. 24, 2022); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

- Any further delay in the filing of an amended complaint would prejudice Defendants' ability to gather facts and documents to defend this case. *Id.* at *3.; *see also Thuman v. Zaken*, No. 22-1929, 2022 WL 2135262, at *2 (W.D. Pa. May 20, 2022) (Dodge, M.J.) (plaintiff's "refusal to comply with court orders and his failure to communicate with the Court frustrates and delays resolution of his claims against the defendants."), *report and recommendation adopted*, No. 20-1929, 2022 WL 2133859 (W.D. Pa. June 13, 2022).

- "There is no indication on this record that [Mr. Ortiz's] failure was the result of any excusable neglect." *Dulacy*, 2022 WL 14141031, at *3.

- "Under the circumstances presented here, where [Mr. Ortiz] has failed to comply with court-ordered deadlines or to otherwise communicate with the Court, and appears to have abandoned the litigation, it is unlikely that alternative sanctions would be effective." *Thuman*, 2022 WL 2135262, at *3 (citation omitted).

In sum, the Court cannot properly control its docket, move this action forward, and fully protect the rights of all parties because Mr. Ortiz has failed to comply with

the Court's order.  The weight of the *Poulis* factors clearly supports dismissal. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) ("Because Pruden decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed Pruden's complaint with prejudice." (citations omitted)).

\*     \*     \*

**AND NOW**, this 3rd day of March, 2023, it is **ORDERED** that all of Mr. Ortiz's claims in this case are **DISMISSED with prejudice**.  The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge